IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN GROSHANS, | ) CASE NO. 4:07CV3269 |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) BRIEF IN SUPPORT OF |
|  | ) FEDERAL DEFENDANTS' |
| AKAL SECURITY INC. and THE | ) MOTION TO DISMISS |
| UNITED STATES MARSHALS | ) |
| SERVICE, an Agency of the United | ) |
| States of America; JOHN F. CLARK, | ) |
| Director of the United States Marshals | ) |
| Service; THE UNITED STATES OF | ) |
| AMERICA; MICHAEL B. | ) |
| MUKASEY, Attorney General of the | ) |
| United States; and THE UNITED | ) |
| STATES DEPARTMENT OF | ) |
| JUSTICE; an agency of the United | ) |
| States of America, | ) |
|  | ) |
| Defendants. | ) |

## **INTRODUCTION**

Plaintiff Steven Groshans has filed this action seeking relief under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. ("ADA"); the Rehabilitation Act, 29 U.S.C. § 701 et seq.; and the laws of the State of Nebraska, including Neb. Rev. Stat. §§ 48-1101, et seq. of the Nebraska Fair Employment Practices Act and Neb. Rev. Stat. § 20-148.  Named as defendants in the Complaint are the United States of America, the United States Marshals Service, John F. Clark, Director of the United States Marshals Service, Michael B. Mukasey, Attorney General of the United States, and the United States Department of Justice (hereinafter referred to as "the federal defendants"), as well as AKAL Security Inc.  (Filing No. 1).

Plaintiff's Complaint alleges that the defendants discriminated against him in violation of the cited statutes, resulting in his termination from his position as a Court Security Officer (hereinafter "CSO"). In general, Plaintiff alleges that the requirement that he take a hearing test without a hearing aid is a screening criterion that screens out the disabled (Filing No. 1, ¶ 22). Specifically, Count I alleges that "[i]n imposing a requirement the Plaintiff may not use hearing aids for medical testing (even through allowed on the job), the defendants have violated the ADA, Nebraska Fair Employment Practices Act and Rehabilitation Act which prohibit an employer from using qualification standards that screen out the disabled." (Filing No. 1, ¶ 27). Count II alleges that "Defendants failed and otherwise refused to provide reasonable accommodations to Plaintiff and failed to engage in meaningful communications with Plaintiff or his physicians regarding reasonable accommodations" in violation of federal and state law. (Filing No. 1, ¶ 30).

The federal defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. As shown below, the complaint should be dismissed as to the federal defendants because Plaintiff failed to file a timely claim in federal court. Alternatively, the federal defendants move for partial dismissal because all but one of the federal defendants are not proper parties to this action, and the ADA and Nebraska laws do not apply to the federal defendants.

## STATEMENT OF FACTS

According to the allegations of the Amended Complaint, Plaintiff Steven Groshans was an employee of AKAL Security, Inc. The Complaint alleges the United States Marshals Service (USMS) was Plaintiff's joint employer. He was employed from October 7, 1999 to November 1,

2006.  (Filing No. 1, ¶ 13).  Plaintiff alleges he suffers from hearing loss and wears hearing aids.  (Filing No. 1, ¶ 12).  Plaintiff alleges in July, 2006, he failed a hearing test which he undertook without his hearing aids.  (Filing No. 1, ¶ 16).  According to Plaintiff's Complaint, in September and October, 2006, he took additional hearing tests, again without his hearing aids, and failed those tests.  (Filing No. 1, ¶ 17-18).  On November 1, 2006, Plaintiff was informed by letter he was no longer medically qualified to be a CSO.  (Filing No. 1, ¶ 20).

On January 18, 2007, Plaintiff made an initial request for EEO counseling.  Plaintiff was issued a Notice of Right to File a Discrimination Complaint on February 16, 2006, which was received by Plaintiff on February 26, 2007 (Declaration of Joanne W. Grady, Exhibit A, attached to Defendant's Index of Evidentiary Materials submitted in support of this motion (hereinafter "Grady Dec., Ex. __")).  Plaintiff timely filed his formal Complaint with the United States Marshals Service on March 8, 2007 (Grady Dec., Ex. B).  The United States Marshals Service acknowledged receipt of Plaintiff's Complaint in a letter dated March 16, 2007, and received by Plaintiff March 26, 2007 (Grady Dec., Ex. C).  That letter advised Plaintiff of the deadlines in which he could file a civil action in United States District Court, pursuant to 29 CFR § 1614.407 (Grady Dec., Ex. C, page 2).

On April 5, 2007, the EEO office of the Department of Justice issued a final agency decision which dismissed Plaintiff's EEO complaint (Grady Dec., Ex. D).  The EEO office found that Plaintiff did not have standing to proceed in the federal EEO complaint system because he was not a federal employee, but a contract employee of AKAL Security, Inc.  The letter advised Plaintiff of his right to file a civil action in United States District Court pursuant to 29 CFR § 1614.407 (Grady Dec., Ex. D, page 4).

3

On May 5, 2007, Plaintiff filed a timely appeal of the final agency decision with the Equal Employment Opportunity Commission (hereinafter "the Commission") (Grady Dec., Ex. E). Plaintiff was represented by Attorney Corey L. Stull.

On August 21, 2007, the Commission issued its decision, reversing the final agency decision against Plaintiff (Grady Dec., Ex. F). The Commission found that the agency exercised sufficient control over Plaintiff's position to qualify as his employer for the purpose of the EEO complaint process, and the agency was a joint employer with AKAL of Plaintiff. The claim was remanded to the agency for processing in accordance with 29 C.F.R. § 1614.108. That regulation and Commission's order gave the agency additional time to consider the Plaitniff's case on its merits. (Grady Dec., Ex. F, p. 7). The Commission's decision also stated that Plaintiff had the right to file a civil action with the United States District Court, if he did not want to proceed through the agency administrative procedures. In the section entitled "Implementation of the Commission's Decision", the opinion stated that the Plaintiff could file a civil action subject to the statutory deadline in 42 U.S.C. 2000e-16(c), and the regulations in Title 29 C.F.R. §§ 1614.407 and 1614.408. (Grady Dec., Ex. F, p. 7). In the section entitled "Complainant's Right to File a Civil Action", the Commission's opinion stated that:

> This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. . .

Grady Dec., Ex. F, p. 8.

4

A certificate of mailing was attached to the Commission's decision. (Grady Dec., Ex. F, p. 10). That certificate stated "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." The certificate of mailing was signed on August 21, 2007, and mailed to Plaintiff, Mr. Stull, and the Department of Justice (Grady Dec., Ex. F, p. 10).

On September 14, 2007, the Department of Justice wrote Plaintiff regarding the Commission's remand (Grady Dec., Ex. G). Plaintiff received that letter September 20, 2007 (Grady Dec., Ex. G, p. 5). The letter acknowledged receipt of Plaintiff's formal complaint as of the date the agency received the Commission's decision, on August 29, 2007. Id. at 1.

On December 4, 2007, Plaintiff filed his civil complaint in the United States District Court for the District of Nebraska (Filing No. 1). On January 28, 2008, the United States Department of Justice issued a second final administrative decision which dismissed Plaintiff's administrative complaint (Grady Dec., Ex. H). Plaintiff did not appeal the January 28, 2008, final agency decision.

## ARGUMENT

The Federal Rules of Civil Procedure provide for dismissal of actions in which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss, the court must presume all factual allegations of the complaint to be true. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir.), cert. denied, 519 U.S. 1149 (1997) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996)). Dismissal is appropriate if it appears beyond a doubt that the plaintiff is unable to prove facts in support of his claims which entitle him to relief. Hafley at 266 (citing McCormack v. Citibank,

5

N.A., 979 F.2d 643, 646 (8th Cir. 1992)).  See also, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

In a case arguing that the Court lacks jurisdiction to hear the matter, the defendant's motion may be supported with affidavits or other documents.  Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990), Crawford v. United States, 796 F.2d 924, 928-929 (8th Cir. 1986).  The Court may hold an evidentiary hearing, if necessary, on the motion.  Id.  In this case, the documents are clear on their face as to the relevant facts.

In the present case, the federal defendants dispute the allegations in the Complaint that they were involved in any discriminatory action.  However, that factual dispute is immaterial to the issues raised by this Motion to Dismiss.  The Plaintiff has failed to file his civil claim in United States District Court within the required time limits.  The allegations of the Complaint, even if accepted as true, show that this Court is without jurisdiction as to Plaintiff's claim against all federal defendants under the ADA or Nebraska statutes, and as to the claim against the United States, the Department of Justice, the United States Marshals Service and John F. Clark under the Rehabilitation Act.  Therefore, the case against all federal defendants should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

**I.     PLAINTIFF FAILED TO TIMELY FILE A FORMAL COMPLAINT OF DISCRIMINATION IN FEDERAL COURT.**

     A.     Administrative Time Requirements for Rehabilitation Act Claims.

A claim under the Rehabilitation Act for discrimination in federal employment is governed by the procedures set forth in Section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16, 29 U.S.C. § 794a(a)(1)).  The time for bringing a civil action in district court is expressly set forth in 42 U.S. C. 2000e-16(c):

> "Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination . . . or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . ."

The applicable regulation is 29 CFR § 1614.407, which provides only four circumstances and time periods in which an employee may file a civil action under the Rehabilitation Act, including:

(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the Commission's final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Obviously, not all circumstances may apply in every case. The days counted are based on calendar days. 29 C.F.R. § 1614.604(a). The time period begins on the first day after the event from which the time period began to run, and includes the last day of the period, unless on a weekend or holiday, when it is extended to include the next business day. 29 C.F.R. § 1614.604(d).

Where a plaintiff is represented by counsel, service of all official correspondence shall be made on the attorney and the plaintiff, but the time frames for receipt of materials shall be computed from the time of receipt by the attorney. 29 C.F.R. § 1614.605(d). Notice to a

plaintiff's attorney is imputed to the plaintiff.  Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996).  In this case, Mr. Stull represented Plaintiff before the Commission, as well as in the federal court suit.

      B.      Plaintiff Failed to File a Complaint With the District Court Within Ninety (90) Days of Receipt of the Commission's Final Decision.

In Plaintiff's case, the appropriate circumstances and time period to file suit in federal district court is within the 90-day time period after the Commission has made a final decision, under 29 CFR § 1614.407(c).  The Commission issued its final decision on Plaintiff's appeal on August 21, 2007.  This decision was in favor of the Plaintiff, and overturned the agency's final administrative decision.

The Commission presumed that the decision would have been received by Plaintiff and his attorney (mailed to both) within five calendar days after it was mailed.  That would be August 26, 2007.  The 90-day period would begin on the next day, August 27, 2007, and ended on November 24, 2007.  That being a Saturday, the last day for a timely filing in District Court would have been Monday, November 26, 2007.  Plaintiff's Complaint was not filed until the following week, on Tuesday, December 4, 2007.

In the Commission's decision, the Commission included a five-day certificate of mailing, to be used in determining the timeliness of a Plaintiff's subsequent action.  The Sixth Circuit has specifically addressed the five-day certificate of mailing by the Commission in the case involving a non-government employee.  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557-558 (6th Cir. 2000).  Where that certification is included, there is a presumption of actual delivery and receipt within that five-day period, thereby beginning the 90-day time period.  A plaintiff could overcome that presumption if he proves that he did not

receive notification within that period. Notice could be constructive notice, as well as actual notice, of the Commission's decision. Id., see also Lee v. Powell, 2002 WL 31422959 at 2 (N.D.Tex. 2002).

Even if Plaintiff was not served until the date the Government was served, August 29, 2007, he would still have failed to file within the 90-day period, which would run from August 29 (actual date of service), 2007, through Tuesday, November 27, 2007. Therefore, Plaintiff's Complaint was not timely filed and should be dismissed. "A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) (citation omitted).

> C. Plaintiff Could Not File in District Court after One-hundred and Eighty (180) Days of Filing His Complaint or Appealing the Final Agency Decision to the Commission.

The regulations also allow a plaintiff to file a civil suit if the agency has failed to promptly consider his administrative claim. A plaintiff could file a civil suit after 180 days from filing his individual complaint if an appeal has not been filed and final action has not been taken (29 CFR § 1614.407(b)). That regulation gives an agency a period of time to investigate and process an administrative claim, but gives a claimant an avenue to district court if an agency fails to act in a timely manner on his administrative claim. The regulations provide that "an agency shall complete its investigation within 180 days of the date of filing of an individual complaint or within the time period contained in an order from the Office of Federal Operations (Commission) on an appeal from a dismissal ...) (29 CFR § 1614.108(e)).

Likewise, a plaintiff could file a civil suit if the Commission failed to act timely in consideration of his appeal. A plaintiff could file a civil suit after 180 days from filing an appeal

with the Commission if there has been no final decision by the Commission (29 CFR § 1614.407(d)). A final agency decision or final decision by the Commission is required to prevent a claimant from accessing the 180 day filing period. Gomez v. Department of the Air Force, 869 F.2d 852, 857 (5th Cir. 1989), Martinez v. Department of the U.S. Army, 317 F.3d 511, 513 (5th Cir. 2003). A final determination has been defined as being when one of the following circumstances occurred: "(a) adoption by the relevant government agency of the EEO counselor's final report, (b) a final decision by the EEOC, if the claimant appeals to the EEOC, or (c) passage of 180 days without receipt of a final decision by either the relevant agency or the EEOC.". Vinieratos v. United States, Department of Air Force, 939 F.2d 762, 768-69 (9th Cir. 1991); see also Wrenn v. Secretary, Department of Veterans Affairs, 918 F.2d 1073, 1077 (2d Cir. 1990), cert. denied, 499 U.S. 977, 111 S. Ct. 1625 (1991); Rao v. Baker, 898 F.2d 191, 193 (D.C. Cir. 1990).

    Plaintiff filed his complaint with the agency on March 8, 2007. The agency issued its final agency decision on April 5, 2007. Plaintiff then appealed to the Commission on May 5, 2007. This appeal was not withdrawn, and was allowed to go until the Commission issued its final decision on August 21, 2007. The matter was remanded to the agency, who received notice on August 29, 2008. The Commission gave both parties 30 days to ask for reconsideration of its decision, else that would become the Commission's final decision on Plaintiff's appeal (Grady Dec., Ex. F, page 8). The Commission ordered the agency to process the remanded claims, and to issue a copy of the investigative file and notify Plaintiff of his rights within 150 days after the Commission's decision became final. (Grady Dec., Ex. F, page 7). The agency notified Plaintiff by letter dated September 14, 2007 that it had received the remanded claim and was

10

processing the Plaintiff's case on its merits (Grady Dec., Ex. G). Neither party asked for reconsideration of the Commission's decision.

As such, Plaintiff cannot avail himself of the 180 day waiting period from March 8, 2007, the date of his initial complaint (Grady Dec., Ex. B). This option was not available because the agency had issued a final decision (Grady Dec., Ex. D), and Plaintiff appealed this final agency decision to the Commission (Grady Dec., Ex. E). As such, the Defendant believes that these events subsequent to Plaintiff's initial complaint preclude him from using the date of his initial filing of a complaint with the agency. The additional investigation time as directed by the Commission in its opinion (Grady Dec., Ex. F, p. 7), and the September 24, 2007, letter from the agency to Plaintiff Grady Dec., Ex. G), appears to start a new "initial complaint filing" date, however, of August 29, 2007, the date the agency received the remand back from the Commission on August 29, 2007. That 180 day period would not have run from this date until February 24, 2008, well before the Plaintiff filed in federal court.

Likewise, Plaintiff could not avail himself of the 180 day waiting period from his May 5, 2007, appeal date (Grady Dec., Ex. E). The Plaintiff may argue that he waited 180 days from his appeal to the Commission, by filing in district court after October 31, 2007. The Defendant believes that this option is not available because the Commission issued its final decision of Plaintiff's appeal on August 21, 2007 (Grady Dec., Ex. F). This decision was in favor of the Plaintiff, and remanded the matter back to the agency for a new determination. It may not have been a final decision on Plaintiff's case, but it was a final decision on Plaintiff's appeal, as neither party asked for reconsideration of the Commission's decision.

11

Generally, a plaintiff must exhaust their administrative remedies before the district court may have jurisdiction over the matter. If a plaintiff chooses to pursue an EEOC review of an initial agency determination, they must exhaust that procedure before bringing a civil suit. Tolbert v. United States, 916 F.2d 245, 248 (5th Cir 1990). Impatience with the agency does not justify immediate resort to the courts. Jordan v. United States, 522 F.2d 1128, 1132 (8th Cir. 1975).

The Plaintiff may argue that the boilerplate language in the Commission's decision is ambiguous and does not limit his ability to file in district court 180 days after his initial appeal to the Commission. The Commission's decision, however, also expressly references the regulatory deadlines and filing requirements of 29 C.F.R. § 1614.407, which should be binding on Plaintiff. That argument may be more a matter for the Court to consider on whether equitable tolling should be applied in this case (see next section).

There is some case law whereby the District Court allows a claimant to file in District Court after 180 days from his initial, rather than the latest, appeal. In Charles v. Garrett, 12 F.3d 870, 874 (9th Cir. 1993), the court held that a claimant could file in district court once 180 days had elapsed from the date the first administrative appeal is filed. The Court was concerned about a federal employer who "could indefinitely delay a complainant's access to federal court by continuously filing appeals". Id. That case is distinguishable from the current case because the plaintiffs had cooperated in the administrative process for approximately twelve years. Also, the Navy was "recalcitrant and defiant" and did not comply with decisions by the Commission, despite repeated orders. Charles v. Garrett, 12 F.3d at 872. At least one subsequent case

declined to adopt the Charles reasoning where the Plaintiff was appealing, not the government. Erickson v. West, 876 F.Supp. 239, 242 (D. Hawai'i, 1995).

      D.      The Second Final Agency Decision Precludes a New Complaint at This Time.

The agency, due to the Plaintiff's action in filing in district court, issued a second final agency decision dismissing the Plaintiff's complaint (Grady Dec., Ex. H). This second final agency decision was in accordance with regulation 29 CFR § 1614.107(a)(3), which states that the agency shall dismiss a complaint "that is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party.". That second final agency decision was made on January 28, 2008. Plaintiff could have filed his civil suit with district court within 90 days of receipt of that decision. (29 CFR § 1614.407(a)). Plaintiff did not file in this period, and that time period has also run.

      E.      Equitable Tolling Does Not Apply in This Case.

Generally, Title VII time deadlines are "in the nature of statutes of limitations and are subject to equitable tolling and estoppel." Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir. 1995), (citing, Zipes v. TWA, 455 U.S. 385, 393 (1982). See also 29 C.F.R. § 1614.604(c)). However, equitable tolling should be granted "only sparingly" and should not be extended to "garden variety claims of excusable neglect." Irwin v. Veterans Administration, 498 U.S. 89, 96 (1990). See also, Winbush v. State of Iowa, 66 F.3d 1471 (8th Cir. 1995) (equitable tolling in appropriate circumstances). "[E]quitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999),

reh'g and reh'g en banc denied May 4, 1999 (quoting, Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998)).

The Eighth Circuit consistently has held that the timeliness requirements of discrimination statutes are subject to equitable tolling in only limited circumstances. Those more extreme cases involve fact patterns where an employee was unaware of the discriminatory action, or where the Commission gave misleading information and direction to a employee prior to filing a charge. Coons v. Mineta, 410 F.3d 1036, 1041 (8th Cir. 2005); Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 451 (8th Cir. 1998).

Equitable tolling is precluded once it is shown that the plaintiff was generally aware of his rights. Briley at 570. Equitable tolling does not apply where a plaintiff has been provided with materials that unambiguously advise him of the correct office in which to file a complaint and the deadline for filing, especially when plaintiff has the benefit of counsel. Johnson v. Henderson, 234 F.3d 367 (8th Cir. 2000). See also, Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994) (race and sex claims dismissed because plaintiff did not exhaust her administrative remedies and plaintiff was not entitled to have administrative deadline equitably tolled even though plaintiff argued she was misled about the deadline for filing her complaint).

It is incumbent upon Plaintiff, as the party seeking to be relieved of complying with the time limits, to establish equitable circumstances sufficient to warrant tolling. No such circumstances exist here. Instead, the materials from the Department and the Commission unambiguously inform the Plaintiff of the 90-day time period for filing in District Court after the Commission issued a decision. Plaintiff received at least two letters from the Department of Justice which cited the regulations about the time periods under which a civil suit could be filed.

14

He was represented by counsel during the appeal to the Commission. The final decision Plaintiff received from the Commission specifically provided:

> "However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision" (cite to declaration and attachment).

Alternatively, Plaintiff may argue his suit is timely because the language in the Commission's decision is ambiguous in that it stated that he could file a civil suit "[a]fter 180 calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission." (Grady Dec., Ex. F, page 8). The Eighth Circuit has held that equitable tolling may be allowed when the Commission gave instructions to a claimant that were ambiguous or misleading, not just employer misconduct. Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 451 (8th Cir. 1997). In that case, the Commission accepted an informal filing by a complainant, and requested additional information and verification from the complainant about his initial charges. The Eighth Circuit found that the Commission misled the complainant into reasonably believing that submitting a informal application within 15 days of the deadline, with subsequent verification, was acceptable. Id.

The language in the Commission decision in this case is not ambiguous or misleading. First, this sentence is bound to the deadlines stated in the regulation and statute. The Commission's decision states that "'[a] civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c)". (Grady Dec., Ex. F, page 7). These 180-day time periods apply when the agency or Commission have not yet made their decision. In this case, the agency made it's first final agency decision on Plaintiff's complaint on April 5, 2007, and the

15

Commission made it's decision on Plaintiff's appeal on August 21, 2007. Because these decisions had been made, the Plaintiff was subject to the 90-day time periods.

Finally, there is no basis for Plaintiff to claim that he was misled by the language in the Commission's decision. He had been specifically informed of his rights and of the filing requirements with which he failed to comply. He had timely met the other deadlines with respect to filing an agency complaint, and appealing the initial final agency decision to the Commission. He was represented by counsel. Still, Plaintiff failed to file in accordance with those deadlines. Therefore, Plaintiff's Complaint should be dismissed for failure to timely file his civil suit in district court.

## II.     PLAINTIFF'S ADA AND NEBRASKA FAIR EMPLOYMENT PRACTICE ACT CLAIMS SHOULD BE DISMISSED AGAINST ALL FEDERAL DEFENDANTS.

In the absence of an express waiver of sovereign immunity, a district court is without jurisdiction to award relief in suits against the United States and its officers and agencies. Lehman v. Nakashian, 453 U.S. 156, 160 (1981); United States v. Mitchell, 445 U.S. 535, 538 (1980). The United States is immune from suit unless a waiver of federal sovereign immunity is "unequivocally expressed". Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95, 111 S. Ct. 453, 457 (1990).

No waiver of sovereign immunity exists for claims under the ADA or the Nebraska Fair Employment Practice Act. The only applicable statute to the federal defendants is the Rehabilitation Act. A suit under the Rehabilitation Act is the exclusive means which a Plaintiff may raise claim against a federal agency related to handicap discrimination. Brown v. General Services Administration, 425 U.S. 820 (1976).

16

Plaintiff's Complaint is based in part on the ADA. (Complaint at ¶ 18) That act, at 42 U.S.C. § 12112 (a) provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The ADA defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). However, the ADA specifically excepts the federal government from its definition of employer. The Act expressly provides that the term "employer" does not include "the United States or a corporation wholly owned by the government of the United States." 42 U.S.C. § 12111(5)(B)(i).

Plaintiff's Complaint also charges John F. Clark and Michael B. Mukasey. These individuals are charged based upon their position as head of the United States Marshals Service and United States Department of Justice, respectively. A suit against the head of a federal agency in his official capacity constitutes a suit against the United States, and such suit is also barred by the definitions under the ADA. United States v. Whaley, 82 F. Supp.2d 1060, 1061 (D.Neb. 2000). The ADA does not provide a cause of action against individual supervisory officials because such officials are not included within the definition of "covered entity" in the Act. Mason v. Stallings, 82 F.3d 1007, 1009 (6th Cir. 1996); EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir. 1995). Cf. Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 380-81 (8th Cir. 1995) (holding that language in Missouri's Human Rights Act which is similar to the ADA does not provide a cause of action against individual supervisors and managers).

17

Similarly, the Nebraska Fair Employment Practice Act expressly excludes the United States from its definition of an "employer"; therefore, the federal defendants are not covered entities subject to the provisions of the Act. Neb. Rev. Stat. § 48-1102(2), 1102(5). Also, the Plaintiff's reference to the civil remedies under Neb. Rev. Stat. § 20-148 does not modify the eligibility criteria under Nebraska Fair Employment Practice Act. Steier v. Crosier Fathers of Hastings, 242 Neb. 16, 19 (1992).

Since the United States is not an "employer" subject to the provisions of the ADA or Nebraska Fair Employment Practice Act, those portions of Plaintiff's claims must be dismissed as to all federal defendants. See, Kemer v. Johnson, 900 F. Supp. 677, 681 (S.D.N.Y. 1995), aff'd, 101 F.3d 683 (2d Cir. 1996). See also, D'Antonio v. Runyon, No. CIV. A. 93-3278, 1994 WL 622107 *5 (E.D. Pa. Nov. 8, 1994); Brantley v. Runyon, No. C-1-96-842, 1997 WL 373739 *5 (S.D. Ohio June 19, 1997); Riley v. U.S. Postal Service, No. 94-CV-0807, 1996 WL 743832 (N.D.N.Y. December 23, 1996).

### III. PLAINTIFF'S REHABILITATION ACT CLAIMS SHOULD BE DISMISSED AGAINST DEFENDANTS UNITED STATES MARSHALS SERVICE, JOHN F. CLARK, THE UNITED STATES OF AMERICA, AND THE UNITED STATES DEPARTMENT OF JUSTICE.

Plaintiff's Complaint alleges that the various federal defendants violated the Rehabilitation Act. The Rehabilitation Act provides the exclusive remedy for claims of alleged discrimination on the basis of disability in connection with federal employment. Brown v. General Service Administration, 425 U.S. 820 (1976); Morgan v. United States Postal Service, 798 F.2d 1162 (8th Cir. 1986). A claim under the Rehabilitation Act for discrimination in federal employment is governed by the procedures set forth in Section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16, 29 U.S.C. § 794a(a)(1)).

Like other employment discrimination suits brought by federal employees, a suit under the Rehabilitation Act alleging discrimination in connection with federal employment may be brought only against the head of the employing agency in his or her official capacity. Morgan v. United States Postal Service, supra, 798 F.2d at 1165 n.3; Gardner v. Gartman, 880 F.2d 797, 798 (4th Cir. 1989). According to the regulations covering complaints under the Rehabilitation Act, the executive agencies are defined by statute as being an "executive department, a Government corporation, and an independent establishment." (5 U.S.C.§ 105, 729 CFR § 1614.103). In this case, the appropriate executive department would be the United States Department of Justice, headed by Attorney General Michael B. Mukasey.

Therefore, the United States, the United States Marshals Service, the Department of Justice and John F. Clark are not proper defendants, and the Complaint should be dismissed as to those defendants on that ground alone. McGinnis v. United States Postal Service, 744 F.2d 1318, 1320-21 (7th Cir. 1984); Ferrell v. United States Department of Justice, 910 F. Supp. 615, 618 (M.D. Fla. 1995).

## **CONCLUSION**

Plaintiff's Complaint should be dismissed against all federal defendants because Plaintiff failed to appeal the Commission's decision within the required time frame. Alternatively, the federal defendants should be dismissed from Plaintiff's claims under the ADA and Nebraska Fair Employment Practice Act because the Rehabilitation Act provides the exclusive remedy for claims of discrimination based on disability in federal employment. Finally, should Plaintiff be

allowed to pursue his Rehabilitation Act claims, Michael B. Mukasey, United States Attorney General, is the proper federal defendant and all other federal defendants should be dismissed.

>Respectfully submitted,
>
>UNITED STATES MARSHALS SERVICE, JOHN F. CLARK, UNITED STATES OF AMERICA, MICHAEL B. MUKASEY, UNITED STATES DEPARTMENT OF JUSTICE, Defendants
>
>By:   JOE W. STECHER
>    United States Attorney
>    District of Nebraska
>
>And:   s/ Lynnett M. Wagner
>    LYNNETT M. WAGNER, #21606
>    Assistant U.S. Attorney
>    1620 Dodge Street, Suite 1400
>    Omaha, Nebraska  68102-1506
>    Tel:  (402) 661-3700
>    Fax: (402) 661-3081
>    lynnett.m.wagner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Kurt Peterson, Corey L. Stull and Jerry L. Pigsley; and also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

>s/ Lynnett M. Wagner
>Assistant U.S. Attorney